IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILYA KHAIT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-01877 |
| v. | ) ) | Hon. Lindsay C. Jenkins |
| COMCAST CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Natalie J. Spears
Victoria J. Noble
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
E-mail: natalie.spears@dentons.com

Kelly M. Klaus (*pro hac vice*)
Stephanie G. Herrera (*pro hac vice*)
Virginia Grace Davis (*pro hac vice*)
**MUNGER, TOLLES & OLSON, LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Email: kelly.klaus@mto.com

Bethany M. Kristovich (*pro hac vice*)
**MUNGER, TOLLES & OLSON, LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Email: bethany.kristovich@mto.com

Plaintiff asserts 16 claims, on behalf of putative classes in nine different states, purportedly based on misleading advertising for the movie *Yesterday* (2019). First Amended Complaint, ECF No. 8 ("FAC") ¶¶ 10-13. But the operative complaint, which Plaintiff has already amended once, alleges no facts to support any claim. Plaintiff fails to allege what advertising he saw or whether he saw the advertising before paying to see the movie; what about the advertising was misleading; when or how he viewed the movie (e.g., in a theater, through an internet stream, or otherwise); or even how much he paid to see it. All these facts are known only to Plaintiff—and were known before Plaintiff filed suit—yet Plaintiff has twice filed complaints that fail to allege the most basic underpinnings for his claims. Moreover, Plaintiff alleges no facts to justify naming Comcast Corporation as Defendant. He instead makes only the conclusory allegation that Comcast "operates" Universal City Studios LLC ("Universal"), *id.* ¶ 1, which distributed *Yesterday*. This is not enough to subject Comcast to suit and requires dismissal of all of Plaintiff's claims.

In short, Plaintiff fails to satisfy his threshold "obligation to provide the factual 'grounds' of his entitlement to relief." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (citation omitted). Plaintiff has already amended once and either cannot cure these glaring omissions or has strategically chosen not to do so. Comcast therefore respectfully requests that the Court dismiss the FAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *In re Ameritech Corp.*, 188 F.R.D. 280, 282-83 (N.D. Ill. 1999).

## I.     BACKGROUND

Plaintiff filed his original complaint on March 26, 2023. Comcast identified for Plaintiff multiple deficiencies in his complaint. On July 5, 2023, Plaintiff filed the FAC, which did not add

any substantive factual allegations.[1]

### A.  The Parties

Plaintiff is an Illinois citizen.  FAC ¶¶ 16, 21.  Although the FAC alleges putative class claims under the (unidentified) laws of South Dakota, Wyoming, Idaho, Alaska, West Virginia, Arkansas, North Carolina, and Utah (in addition to Illinois), *id.* ¶ 29, Plaintiff does not allege that he has any connection to any of these states.

Plaintiff alleges Comcast "is a Pennsylvania corporation" based in Philadelphia.  *Id.* ¶ 22. Plaintiff further alleges Comcast "operates" Universal, *id.* ¶ 1, which distributed *Yesterday*, but does not allege any other facts about Comcast or its connection to the allegations or claims in the FAC.

### B.  Plaintiff's Allegations

Plaintiff alleges he "paid to view" *Yesterday* because "marketing," which he says is "described" in the FAC, caused him to believe the actor Ana "de Armas was in Yesterday."  FAC ¶¶ 23-24.  The FAC in fact describes nothing about *Yesterday's* marketing other than that it included "[t]railers shown online and other promotional materials" purportedly "featur[ing]" de Armas.  *Id.* ¶ 11.  Plaintiff alleges no facts about what marketing material he actually saw, when he saw it, or what about it was misleading.

Plaintiff further alleges that de Armas "had no role in the film when it was released to the public," and that, "had he known de Armas did not have any role, he would not have seen it or would have paid less."  *Id.* ¶¶ 13, 27.  Plaintiff does not allege the specific amount he allegedly

---

[1] Plaintiff did not comply with the Court's rule requiring that he file a redline along with the FAC. *See* Judge Lindsay C. Jenkins, Case Procedures, Amended Complaints, *available at* https://www.ilnd.uscourts.gov/judge-info.aspx?efBFowZHW7DCEuMxR9nMcQ==.  Comcast has submitted a redline as Attachment 1 to this motion.

paid to see the movie. Plaintiff also does not allege in what format he saw the movie (e.g., in a movie theater, on a DVD, rented online), or even when he saw *Yesterday*. Plaintiff's failure to identify the format in which he saw the movie is problematic, among other reasons, because de Armas appeared in "bonus" material available in some formats.[2] Notably, Plaintiff does not allege that de Armas *did not appear* in whatever format he viewed; he instead makes the vague allegation that de Armas had no "role" in what he paid to see. *Id.* ¶¶ 24-27.

### C. Plaintiff's Claims

The FAC asserts claims for: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1; (2) breach of express warranty; (3) breach of the implied warranties of merchantability and (4) fitness for particular use; (5) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301; (6) negligent misrepresentation; (7) fraud; and (8) unjust enrichment. FAC ¶¶ 36-39, 43-67. As noted, the FAC also purports to bring claims under "Consumer Fraud Acts"—these statutes are never identified in the FAC—of eight states other than Illinois. *Id.* ¶¶ 29, 40-42.

## II. LEGAL STANDARD

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter" for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Bissessur*, 581 F.3d at 602.

---

[2] This fact is known to Plaintiff's counsel from other litigation about marketing for the movie, discussed *infra*.

Because Plaintiff's consumer protection, warranty, fraud, and unjust enrichment claims "sound[] in fraud," Plaintiff must allege particularized facts supporting each element of those claims under Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (citation omitted).

## III. ARGUMENT

### A. All Of Plaintiff's Claims Must Be Dismissed Because He Alleges No Basis For Comcast's Liability

Plaintiff's claims fail at the outset because he alleges no facts suggesting Comcast is liable for any of the challenged conduct. *See Iqbal*, 556 U.S. at 678 (plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The FAC's only allegation specifically about Comcast is that it "operates" Universal. FAC ¶ 1. The FAC does not allege any facts supporting an inference that Comcast had any involvement with *Yesterday* or marketing for the movie.

Plaintiff cannot avoid this deficiency by claiming Comcast may be held liable for the actions of its subsidiary, Universal. Pennsylvania has a "stringent" test for piercing the corporate veil between a parent and its subsidiary.[3] *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 509 (E.D. Pa. 2014). The FAC does nothing to satisfy this test.

To plead veil-piercing under Pennsylvania law, Plaintiff must allege facts showing "the lack of [corporate] formalities led to some misuse of the corporate form," *id.* at 509-10 (citation omitted), "to such an extent that [the corporate form] became nothing more than a sham," *Kaplan*

---

[3] Because the Court is exercising jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), FAC ¶ 14, it applies the choice-of-law rules of Illinois. *See Kaufman v. Am. Exp. Travel Related Servs. Co.*, 2008 WL 687224, at *4 (N.D. Ill. Mar. 7, 2008). Under Illinois law, "[e]fforts to 'pierce the corporate veil' are governed by the law of the state of incorporation." *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir. 1996). For Comcast, that is Pennsylvania. FAC ¶ 22.

*v. First Options of Chi., Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994) (citation omitted). Plaintiff alleges no facts about the Comcast-Universal relationship other than the conclusory allegation that the former "operates" the latter. FAC ¶ 1. That is obviously insufficient. *See Accurso*, 23 F. Supp. 3d at 510 (dismissing complaint for failure to plead elements of veil-piercing). All of Plaintiff's claims against Comcast—the only defendant the FAC names—must therefore be dismissed.

### B.  Each Of Plaintiff's Claims Must Be Dismissed For Additional Reasons

#### 1.  Plaintiff's Fraud, ICFA, And Warranty Claims Fail Rule 9(b)'s Heightened Pleading Standard

Plaintiff's claim for fraud is subject to Rule 9(b)'s heightened pleading requirement. Fed. R. Civ. P. 9(b). The same requirement applies to Plaintiff's ICFA and warranty claims because Rule 9(b) governs "*allegations* of fraud, not *claims* of fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011) (emphasis added). This includes alleged misleading representations, *id.* (ICFA claim based on alleged misrepresentations subject to Rule 9(b)); *Camasta*, 761 F.3d at 737 (same), such as those that underlie Plaintiff's ICFA and warranty claims. *See* FAC ¶¶ 38-39, 42, 45-47, 67 (ICFA and warranty claims based on allegations that "Defendant" misrepresented de Armas's role to deceive consumers).

Rule 9(b) requires a pleading to "state with particularity the circumstances constituting fraud or mistake." These "circumstances" include "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta*, 761 F.3d at 737. In short, the FAC must allege at least "the who, what, where, and when of the alleged fraud." *Id.* at 738 (citation omitted).

The FAC does none of this. Plaintiff alleges only that he saw unspecified "marketing" that led him to expect de Armas would have a "key role" in *Yesterday*. FAC ¶¶ 23, 56, 63. Plaintiff

must "specify what [the] 'misleading statements and omissions' were," *Calixte v. Walgreen Co.*, 2023 WL 2612595, at *3 (N.D. Ill. Mar. 23, 2023), and his failure to do so "dooms [his] claim[s]." *Rudy v. D.F. Stauffer Biscuit Co.*, 2023 WL 2711612, at *9 (N.D. Ill. Mar. 30, 2023) (conclusory allegations that "Defendant misrepresented and/or omitted the attributes and qualities of the Product" held not sufficient).

The FAC makes the conclusory allegation that "[t]railers shown online and other promotional materials … featured … de Armas," FAC ¶ 11, but Plaintiff does not allege that *he* saw any trailer for the movie, and the FAC says nothing about any "other promotional materials." Allegations about broad categories of advertisements are insufficient because they do not "inform [the defendant] of the content of the misrepresentation." *Calixte*, 2023 WL 2612595, at *3 (alleged reliance on "digital, print and/or social media," and "in-store, digital, audio, and print marketing" did not satisfy Rule 9(b)).

In sum, Plaintiff's conclusory allegations fail Rule 9(b)'s "what, where, and when" requirements. *Camasta*, 761 F.3d at 738 (citation omitted). Indeed, such "cursory allegation[s]" are "insufficient to satisfy even the ordinary Rule 8(a)(2) pleading standard." *Calixte*, 2023 WL 2612595, at *4-5 (granting motion to dismiss fraud, ICFA, and warranty claims based on allegation that defendant "made false and misleading statements and omissions"). Plaintiff's fraud, ICFA and warranty claims must therefore be dismissed.

### 2. Plaintiff's "Multi-State" Claims Fail For Lack Of Standing

The Court should dismiss Plaintiff's "multi-state" claims because he lacks standing to assert claims on behalf of individuals who reside in other states under those states' laws. With limited exceptions not relevant here, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (citation omitted); *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757

(7th Cir. 2008) (noting "well-established" rule "that a litigant cannot sue in federal court to enforce the rights of third parties"). Moreover, the named plaintiff in a class action must "allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Blum v. Yaretsky*, 457 U.S. 991, 1001 n.13 (1982). Accordingly, "[c]ourts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states" based on alleged violations of other states' laws. *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022).[4]

Plaintiff purports to bring "multi-state" claims under the laws of South Dakota, Wyoming, Idaho, Alaska, West Virginia, Arkansas, North Carolina, and Utah. FAC ¶¶ 29, 40-42. Plaintiff is an Illinois resident, *id.* ¶ 21, and he alleges no connection to any of those states nor any injury under those states' laws. Plaintiff therefore "lack[s] standing to assert claims under those laws." *Brown*, 2022 WL 2442548, at *2.

### 3. Plaintiff's Warranty Claims Fail Myriad Requirements Of Illinois Law[5]

Plaintiff's hodgepodge of express and implied warranty claims fail for numerous reasons that cannot be cured by any amendment and should therefore be dismissed with prejudice.

**No Sale.** Plaintiff cannot assert express or implied warranties without alleging a "sale." *See* 810 Ill. Comp. Stat. 5/2-313 (express warranties by a "seller"); 810 Ill. Comp. Stat. 5/2-314(1)

---

[4] *E.g.*, *Muir v. Nature's Bounty, Inc.*, 2017 WL 4310650, at *9 (N.D. Ill. Sept. 28, 2017); *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001 (N.D. Ill. 2017); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 735 (N.D. Ill. 2015); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 923-24 (N.D. Ill. 2009).

[5] The FAC does not specify which state's law applies to Plaintiff's warranty or other common-law claims. In such circumstances, courts in this District assume "the laws of the plaintiff's state of residency will apply," so Comcast addresses Illinois law. *See Mirza v. Ignite USA, LLC*, 439 F. Supp. 3d 1058, 1066 (N.D. Ill. 2020). To the extent Plaintiff purports to assert common-law claims under other states' laws, his claims fail for lack of standing, *see* Section III.B.2, *supra*.

(warranty of merchantability is "implied in a contract for . . . sale"); 810 Ill. Comp. Stat. 5/2-315

(warranty of fitness for particular use may be implied by "the seller at the time of contracting,").

A "'sale' consists in the passing of title from the seller to the buyer for a price." 810 Ill. Comp.

Stat. 5/2-106(1). Plaintiff has not alleged—nor could he, consistent with Rule 11—that title to

*Yesterday* transferred to him. *See Cavalier v. Speedway, LLC*, 2022 WL 900195, at *5 (N.D. Ill.

Mar. 28, 2022) (granting summary judgment on Illinois implied warranty claims where "'title'

never passed," so "there was no sale"); *see also Woulfe v. Universal City Studios LLC*, 2022 WL

18216089, at *16 (C.D. Cal. Dec. 20, 2022) (dismissing similar California warranty claims because

plaintiffs did not allege "a transaction that transferred or leased the underlying rights of the

movie"); *Anthony v. Buena Vista Home Ent. Inc.*, 2016 WL 6836950, at *4 (C.D. Cal. Sept. 28,

2016) (dismissing California warranty claims because plaintiffs failed to allege a "sale" of the

"video content" that was the subject of their claims).

**No Transaction In Goods.** Similarly, Plaintiff cannot assert warranty claims without

alleging a "transaction[] in goods." *See* 810 Ill. Comp. Stat. Ann. 5/2-102; 810 Ill. Comp. Stat.

5/2-313(1)(a)-(c); 810 Ill. Comp. Stat. 5/2-314(1)-(2); 810 Ill. Comp. Stat. 5/2-315. "Goods" are

"things . . . which are *movable* at the time of identification to the contract for sale." 810 Ill. Comp.

Stat. 5/2-105(1) (emphasis added). Plaintiff has not alleged—and cannot allege—that he

purchased a moveable item. *See Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, 2012 WL

1577676, at *7 (N.D. Ill. May 4, 2012) (dismissing implied warranty claim where plaintiffs failed

to allege a sale of "goods"); *see also Anthony*, 2016 WL 6836950, at *4 (dismissing similar

California implied warranty claim because consumer who pays to view a movie "purchases a

license to view the expressive content," not a "tangible item[] that can be moved").

**No Pre-Suit Notice.** Plaintiff has also failed to adequately allege that he "notif[ied] the

seller of breach" before filing suit. 810 Ill. Comp. Stat. 5/2-607(3). Illinois law requires a plaintiff to "directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 492 (1996). This requirement applies to all Plaintiff's express and implied warranty claims. *See Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill. App. 3d 935, 940 (1998).

Plaintiff does not allege facts showing that he satisfied this requirement (and he did not). The FAC offers only the vague and contradictory assertion that Plaintiff "*provided or provides notice* to Defendant … that it breached the movie's warranties."[6] FAC ¶ 52 (emphasis added). Because Plaintiff does not allege—and cannot allege consistent with Rule 11—that "he ever contacted [Comcast] about his [warranty claims] in any manner before filing suit," his warranty claims must be dismissed. *See O'Connor*, 477 F. Supp. 3d at 717. It is not clear what Plaintiff means by "provides notice," but neither the filing of this suit nor anything post-filing can cure his failure to provide pre-suit notice. *See id.* ("It is now impossible, of course, for Plaintiff to provide pre-suit notice of the alleged breach of warranty … he filed suit … and cannot now unring that bell." (cleaned up)); *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 766 (N.D. Ill. 2022) (filing of complaint does not satisfy pre-suit notice requirement).

**No Privity.** To state plausible warranty claims, Plaintiff also must allege "privity of contract" with Comcast. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525-26 (7th Cir. 2003) (implied warranty); *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1125 (N.D.

---

[6] Plaintiff also alleges that "Defendant received notice and should have been aware of these issues due to complaints by third-parties," FAC ¶ 53, but this (false) allegation does not satisfy the pre-suit notice requirement under Illinois law. *See Connick*, 174 Ill. 2d at 493 (holding that a defendant's "generalized knowledge about the … concerns of third parties is insufficient," rather, "the seller [must] be notified that *this particular transaction* is 'troublesome'" (citation omitted)); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 716-17 (N.D. Ill. 2020) (noting that this Court "is bound to follow *Connick*" on this question).

Ill. 2019) (express warranty). Plaintiff does not—and cannot consistent with Rule 11—allege that he and Comcast are in privity.

**No Particular Purpose.** To state a claim for breach of the implied warranty of fitness for particular use, Plaintiff must plausibly allege that Comcast "ha[d] reason to know any particular purpose for which the goods are required and that [Plaintiff was] relying on [Comcast's] skill or judgment to select or furnish suitable goods." 810 Ill. Comp. Stat. 5/2-315. Plaintiff has not alleged a unique purpose for seeing *Yesterday*. Even if his intention was solely to see de Armas (which he does not allege), his claim that Comcast "had reason to know" that "particular purpose," FAC ¶ 56, is unsupported by any factual allegations. *See Comark Merch., Inc. v. Highland Grp., Inc.*, 932 F.2d 1196, 1204 (7th Cir. 1991) (seller "had *no* reason to know" buyer's "intended use" because buyer did not directly "provide *any* such information" to seller).

### 4. Plaintiff's MMWA Claim Fails With His State-Law Warranty Claims

Plaintiff's MMWA claim "fail[s] together" with his "state-law warranty claim[s]." *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021). "The MMWA depends on the existence of an underlying viable state-law warranty claim." *Id.* Because Plaintiff fails to state plausible state-law warranty claims for the many reasons above, his MMWA claim must also be dismissed. *Id.*

Plaintiff also fails to state a plausible MMWA claim for the separate reason that he has not alleged that he gave Comcast "a reasonable opportunity to cure" any breach. 15 U.S.C. § 2310(e); *O'Connor*, 567 F. Supp. 3d at 947 (dismissing MMWA claim on this ground).

### 5. Plaintiff's ICFA Claim Is Duplicative Of His Express Warranty Claim

Plaintiff's ICFA claim must be dismissed because it is "merely [his] breach of express warranty claim clothed in different garb." *Lambert v. Dollar Gen. Corp.*, 2017 WL 2619142, at *6 (N.D. Ill. June 16, 2017). The ICFA cannot be used to assert "simple breach of contract claims." *Id.* (citation omitted). Thus, an ICFA claim will not lie where it is "based only on the same

affirmative statements that backstop [a] breach-of-express-warranty claim." *Id*. Here, Plaintiff's ICFA and express warranty claims are premised on the same alleged misrepresentation that de Armas had a "key role" in *Yesterday*. *Compare* FAC ¶¶ 36-37, *with id*. ¶¶ 43-48. The duplicative ICFA claim must therefore be dismissed.[7] *See id*.

### 6. Plaintiff's Negligent Misrepresentation Claim Fails For Multiple Reasons

Plaintiff's negligent misrepresentation claim fails for at least three separate reasons.

**No False Statement.** "A negligent misrepresentation claim depends upon the defendant making a 'false statement of material fact.'" *Calixte*, 2023 WL 2612595, at *5 (citation omitted). As discussed above, Plaintiff does not even identify what advertisements he saw or what statements were misleading, let alone plead facts showing a material false statement. *See id*.

**No Duty.** A negligent misrepresentation claim is actionable only if the plaintiff "allege[s] facts establishing a duty owed by the defendant to communicate accurate information." *Brogan v. Mitchell Int'l, Inc.*, 181 Ill. 2d 178, 183-84 (1998). That "duty" exists "in only two circumstances." *Id. First*, a defendant has "a duty to avoid negligently conveying false information that results in physical injury to a person or harm to property." *Id. Second*, a defendant has "a duty to avoid negligently conveying false information where one is in the business of supplying information for the guidance of others in their business transactions." *Id.* Plaintiff's claim fails because neither set of circumstances applies here and he does not even attempt to plead that they do.

**Liability Not Restricted.** Absent privity (as noted, not alleged in the FAC), a "negligent misrepresentation" is actionable only if "the potential liability [is] restricted to a comparatively

---

[7] The Court should dismiss on this ground even though Plaintiff fails to state a plausible express warranty claim. *See, e.g., Parrot v. Fam. Dollar, Inc.*, 2018 WL 2118195, at *2-4 (N.D. Ill. May 8, 2018) (dismissing ICFA claim on this ground and also dismissing express warranty claim).

small group." *Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 335 (7th Cir. 1999) (citation omitted). Plaintiff seeks relief for everyone in Illinois "who viewed *Yesterday*," FAC ¶ 29 (emphasis added), and alleges that this group may include "hundreds of thousands of people," *id.* ¶ 19—not a "small group" by any measure. *See Marconi v. Ind. Mun. Power Agency*, 2015 WL 4778528, at *10 (N.D. Ill. Aug. 13, 2015) (9,000-person class too large to state negligent misrepresentation claim).

### 7. Plaintiff's Unjust Enrichment Claim Fails

Plaintiff cannot maintain an unjust enrichment claim because he pleads no plausible cause of action. "Under Illinois law, unjust enrichment is not a separate cause of action." *Pirelli*, 631 F.3d at 447. "Rather, it is a condition that may be brought about by unlawful or improper conduct …, and may be redressed by a cause of action based upon that improper conduct." *Id.* (citation omitted). Because Plaintiff's causes of action fail for the myriad reasons above, he cannot argue Comcast has been unjustly enriched either. *See Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 741-42 (7th Cir. 2017) (affirming dismissal of unjust enrichment claim because plaintiff "failed to state a claim for fraud or for violation of ICFA"); *Calixte*, 2023 WL 2612595, at *5 (dismissing unjust enrichment claim because plaintiff failed to state a fraud claim).

### C. *Woulfe* Does Not Save Plaintiff's Facially Deficient Claims

Plaintiff cannot plug the FAC's gaping holes by pointing to *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR (C.D. Cal. filed Jan. 21, 2022).

*Woulfe* is a putative class action brought by residents of California and Maryland who are now represented by the same counsel as Plaintiff in this action. The plaintiffs in *Woulfe* allege that they paid to view *Yesterday* because they were misled into believing de Armas would appear in the movie, but unlike Plaintiff here, the *Woulfe* plaintiffs alleged what marketing they saw (a specific digital trailer), where they saw it (on the Amazon Prime streaming service), what content they allege was misleading, how much they paid to view the movie, and how much value they

claim to have received from the film without de Armas. *See Woulfe*, 2022 WL 18216089, at *1-2. Plaintiff alleges *none* of those facts here. This action omits, by design, the most basic allegations that nudged a few causes of action (not alleged here) past the pleading stage in *Woulfe*.[8] *Woulfe* is therefore irrelevant to this Court's analysis of Plaintiff's threadbare pleading, but highlights an issue recently raised by several courts in this District: Plaintiff's counsel's track record of filing barebone complaints in meritless putative false advertising class actions.[9]

Moreover, the Seventh Circuit has made clear that "[a]n inadequate complaint will not survive a motion to dismiss simply because the defendants managed to figure out the basic factual or legal grounds for the claims." *Adams v. City of Indianapolis*, 742 F.3d 720, 728-29 (7th Cir. 2014); *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 671-72 (N.D. Ill. 2016) (same). Plaintiff thus cannot avoid dismissal by arguing Comcast knows what marketing or misrepresentations are at issue from *Woulfe*. The question here is whether the FAC "contains 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support liability for the wrongdoing alleged." *Adams*, 742 F.3d at 728-29 (quoting *Twombly*, 550 U.S. at 556). Each and every claim in the FAC fails this standard.

### D. Comcast Respectfully Requests Dismissal Of The FAC With Prejudice

District courts have "broad discretion" to dismiss with prejudice "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the

---

[8] Most claims in *Woulfe* were dismissed with prejudice, including the consumer protection and warranty claims Plaintiff's counsel reprises here. *See Woulfe*, 2022 WL 18216089, at *15-17.

[9] Several judges in this Court have recently issued orders expressing concerns about Plaintiff's counsel's compliance with Rule 11. *See Lesorgen v. Mondelēz Glob., LLC*, 2023 WL 3568686, at *5 (N.D. Ill. May 19, 2023); *Guzman v. Walmart Inc.*, 2023 WL 4535903, at *3-4 (N.D. Ill. May 15, 2023); Notification of Docket Entry, *Gardner v. Ferrara Candy Co.*, No. 22-CV-1272 (N.D. Ill. Apr. 6, 2023), Dkt. No. 28; Notification of Docket Entry, *Matthews v. Polar Corp.*, No. 22-CV-649 (N.D. Ill. Apr. 6, 2023), Dkt. No. 35.

defendants, or where the amendment would be futile." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (citation omitted); *In re Ameritech Corp.*, 188 F.R.D. 280, 282 (N.D. Ill. 1999) ("amendment is inappropriate" if any of these circumstances are present). At least three of these factors support dismissal of the FAC with prejudice.

*First*, Plaintiff has already amended once and did not cure obvious deficiencies, such as alleging what marketing he is challenging, what was misleading about the marketing, when he saw the movie, or how much he paid. *See Di Cosola v. CitiMortgage, Inc.*, 2011 WL 4808188, at *2 (N.D. Ill. Oct. 11, 2011) ("[W]here, as here, the plaintiffs have failed to take advantage of an opportunity to remedy the serious Rule 8(a) defects in an initial complaint, dismissal with prejudice is warranted."). Comcast identified several deficiencies—including the lack of any basis for imposing liability on Comcast—to Plaintiff's counsel before the filing of the FAC, but Plaintiff's counsel inexplicably chose not to address them.

*Second*, it would be futile for Plaintiff to amend at least his "multi-state," express and implied warranty, MMWA, ICFA, and negligent misrepresentation claims because there is no set of facts Plaintiff could plead to cure the legal deficiencies with those claims explained above.

*Third*, it would unduly prejudice Comcast to allow Plaintiff a third bite at the pleading apple. This is the "most important factor in determining whether to allow an amendment to a complaint." *In re Ameritech*, 188 F.R.D. at 283. To evaluate this factor, the Court "balances the respective interests of the parties," including "the reasons … [the plaintiff] fail[ed] to include the material to be added in the original pleading, and the injustice resulting to [the defendant]" if amendment is granted. *Id.* (citation omitted). There is no possible excuse for Plaintiff's failing to allege the basic factual underpinnings of his claims—or for Plaintiff's counsel's signing facially deficient pleadings—not once, but twice. *See* note 9, *supra*. The missing facts are known only to

Plaintiff and were known to him before filing suit.  Plaintiff either cannot plead the facts required to state his claims or has (twice) strategically chosen to omit them.  Either way, it will unduly prejudice Comcast and waste this Court's resources if Comcast is forced to bear the expense of a second motion to dismiss Plaintiff's meritless claims. *See NRW, Inc. v. Bindra*, 2015 WL 3763852, at *1 (S.D.N.Y. June 16, 2015) (court should not "condon[e] a strategy whereby plaintiffs hedge their bets … in the hopes of having another bite at the proverbial apple" (citation omitted)).

## IV.    CONCLUSION

For these reasons, Comcast requests dismissal of the FAC in its entirety with prejudice.


Dated:  August 14, 2023                     By:  */s/ Natalie J. Spears*

Natalie J. Spears (#6230320)
Victoria J. Noble (#6336455)
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
E-mail: natalie.spears@dentons.com

Kelly M. Klaus (*pro hac vice*)
Stephanie G. Herrera (*pro hac vice*)
Virginia Grace Davis (*pro hac vice*)
**MUNGER, TOLLES & OLSON, LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Email: kelly.klaus@mto.com

Bethany M. Kristovich (*pro hac vice*)
**MUNGER, TOLLES & OLSON, LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Email: bethany.kristovich@mto.com

***Counsel for Defendant Comcast Corporation***

## **CERTIFICATE OF SERVICE**

      I, Natalie J. Spears, hereby certify that on August 14, 2023, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

                                      */s/ Natalie J. Spears*
                                       Natalie J. Spears