**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Ilya Khait, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>Comcast Corporation,<br><br>   *Defendant*. | No. 23 CV 1877<br><br>Judge Lindsay C. Jenkins |

**ORDER**

     In 2019, Universal Studios released *Yesterday*, a film about an alternate world in which the Beatles do not exist. [Dkt. 8 ¶¶ 1, 8.] The film was allegedly marketed by featuring Ana de Armas in trailers and promotional materials [*id.* ¶ 11], but de Armas did not appear in the version of the film released to the public [*id.* ¶ 13]. Ilya Khait brings this putative class action against Comcast, Universal's parent company, based on *Yesterday*'s allegedly deceptive marketing. Comcast moves to dismiss [Dkt. 20], arguing that Khait's Amended Complaint fails to allege actionable conduct by it, as opposed to Universal, and that in any event Khait fails to state a claim upon which relief may be granted [Dkt. 21 at 1]. The Court agrees and grants Comcast's motion.

**STANDARD OF REVIEW**

     Comcast moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), so the Court takes Khait's well-pleaded factual allegations as true and draws reasonable inferences in his favor. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). Rule 8 governs most pleadings, and to survive a motion to dismiss, a complaint must "contain[ ] enough factual allegations to state a claim for relief that is plausible." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims that "sound in fraud," however, are subject to the heightened pleading standard of Rule 9, which "requires the complaint to state with particularity the circumstances constituting fraud." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (cleaned up). The Seventh Circuit has interpreted this pleading standard to mean "specifically alleg[ing] the who, what, when, where, and how of the fraud." *Id.* (cleaned up).

**ANALYSIS**

     The Court begins with Comcast's argument that Khait has neither alleged that Comcast—as opposed to its subsidiary, Universal—had anything to do with *Yesterday* or pleaded a factual basis for piercing the corporate veil. [Dkt. 21 at 4–5.] While the

Amended Complaint is not explicit on this point, the Court agrees that Khait does not allege conduct by Comcast. [*See* Dkt. 8 ¶ 1 ("Comcast Corporation ('Defendant') is a telecommunications and media conglomerate which operates Universal Studios, a leading movie producer."), ¶¶ 2–9 (general allegations about film production and marketing), ¶ 10 ("In 2019, Defendant released the movie 'Yesterday' … about an alternate universe where the Beatles never existed."); *cf.* Dkt. 25 at 5 (not disputing this point).] Thus, any claims against Comcast fail unless Khait alleges a basis for piercing the corporate veil. *See IDS Life Ins. Co. v. SunAmerican Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts …." (citations omitted).]

Khait does not allege such a basis. Instead, he argues that veil-piercing is irrelevant because Comcast wholly owns Universal, "and it is virtually self-evident that a subsidiary acts on behalf of, and thus conducts the affairs of, its parent corporation." [Dkt. 25 at 3–4 (cleaned up) (quoting *Haroco, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 747 F.2d 384, 402–03 (7th Cir. 1984); citing *Mobay Corp. v. Allied-Signal, Inc.*, 761 F. Supp. 345, 353 (D.N.J. 1991)).] These cases are inapposite. *Haroco* addressed the necessary level of detail of allegations about the relationship between a parent and a subsidiary for RICO liability, 747 F.2d at 402, and *Mobay* concerned a federal statute that does not incorporate state veil-piercing law, 761 F. Supp. at 350–51. Even if they were on point, they would bow to later authoritative decisions under Pennsylvania law[1] reaching the opposite conclusion. *See Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) ("[T]here is a strong presumption in Pennsylvania against piercing the corporate veil. … [T]he general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person." (citations omitted)); *see also IDS Life Ins.*, 136 F.3d at 540. Khait alleges no basis for holding Comcast liable other than its ownership of Universal, so his claims against it fail.

The Court could stop there, but there is an independent basis for dismissing the Amended Complaint: Khait's claims for violations of the Illinois Consumer Fraud Act ("ICFA") and unjust enrichment are deficient.[2] Plaintiffs may bring ICFA claims based on deceptive or unfair conduct. *Haywood*, 887 F.3d at 333. Deception claims are subject to Rule 9's heightened pleading standard, but unfairness claims are not, unless they "sound in fraud." *Id.* (citation omitted). Khait argues that he has stated an unfairness claim [Dkt. 25 at 6], but the Court disagrees. The Amended Complaint uses the term "unfair" only twice, neither in relation to his ICFA claims. [Dkt. 8 ¶¶ 31, 40.] Perhaps Khait could plead an unfairness claim without using the word "unfair,"

---

1   Pennsylvania veil-piercing law applies. [Dkt. 21 at 4 n.3; Dkt. 25 (not disputing this).]
2   The Amended Complaint initially contained several more causes of action on behalf of a class of Illinois citizens and on behalf of citizens of other states [Dkt. 8 ¶¶ 29, 36–67], but after Comcast filed its motion to dismiss, Khait withdrew his other claims [Dkt. 25 at 1 n.1].

but the basis for his unfairness claim tracks his deception claim exactly. [*Compare* Dkt. 25 at 6 (arguing that the Amended Complaint alleged unfair conduct because "Yesterday's Trailers shown online and other promotional materials featured de Armas as having a significant role in a love triangle with the film's protagonist, although she had no role in the film when it was released to the public" (cleaned up)), *with id.* at 5 (arguing that Comcast engaged in deceptive conduct by "promot[ing] … de Armas … as having a key role [in *Yesterday*] despite her not appearing in the film" (cleaned up)).] Thus, any unfairness claim sounds in fraud and is subject to the Rule 9 pleading standard, along with the deception claim. *See Haywood*, 887 F.3d at 333.

Turning to that pleading standard, the Court agrees with Comcast that the Amended Complaint fails to satisfy Rule 9's pleading standard. Khait describes his allegations of the "who, what, when, where, and how" of the fraud as follows:

> The "who" was Comcast Corporation. The "what" included the trailer from Yesterday where de Armas had a role. The "where" was in theaters and online. The "when" was in 2019. The "how" was promotion of de Armas, a leading Hollywood star as having a key role despite her not appearing in the film.

[Dkt. 25 at 5 (cleaned up).] The "who" is problematic for the reasons discussed above: Khait alleges no conduct by Comcast itself. As for "when" and "where," while the Amended Complaint alleges these elements in general terms, it fails to allege when and by what medium—or even *whether*—Khait himself saw the trailer, which could be important. The alleged deception is promoting de Armas as having a key role in *Yesterday* despite her not appearing in the released film, so a necessary component of that deception is Comcast's knowledge that de Armas would not appear in the film. It could not be deceptive, for example, to run a trailer featuring de Armas in 2018 if the decision to cut her from the film was not made until 2019. Some facts may need to be pled based on information and belief, but Khait can certainly allege when he saw the trailer. As for the "what" and "how," Khait must be more specific. He alleges that the trailer suggests de Armas will have a key role involving a love triangle [Dkt. 8 ¶ 11], but how does the trailer give that impression? Did de Armas appear multiple times or in a single shot? Did her character have dialogue in the trailer? Did de Armas's name appear on the screen? *Compare, e.g.*, *Benson v. Fanny May Confections Brands, Inc.* 944 F.3d 639, 646 (7th Cir. 2020) (finding that the plaintiff had stated an ICFA deception claim based on varying percentages of "nonfunctional slack-fill" in different sizes of candy boxes by alleging "that reasonable consumers rely on the size of packaging to infer the quantity of product that they are purchasing, so any extra slack-fill misleads consumers"). Rule 9 requires more detail about the mechanics of the alleged fraud, and without such detail, it is impossible to determine whether the alleged fraud would deceive a reasonable consumer. *See id.* (citation omitted). The Court agrees with Comcast that Khait has failed to plead a viable ICFA claim based on deception (or unfair conduct sounding in fraud).

3

Having dismissed Khait's ICFA claims, his unjust enrichment claim must also fail too. Unjust enrichment under Illinois law is not a standalone cause of action; it must accompany another viable claim. *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 741–42 (7th Cir. 2017) ("Because Toulon's ICFA claim, as well as her claims for fraudulent misrepresentation and fraudulent concealment, were all properly dismissed, the district court correctly dismissed her unjust enrichment claim." (citation omitted)).

That brings the Court to the remedy. Comcast asks the Court to dismiss the Amended Complaint with prejudice:

> Through two iterations of his complaint, and even in the face of a motion to dismiss with prejudice, Plaintiff still refuses to say where and when he watched *Yesterday*, what marketing he saw for the movie, when he saw it, or what the marketing said. At this point, the only reasonable inference is that Plaintiff either cannot provide that information consistent with Rule 11, or he is strategically withholding the information in hopes of forcing Comcast to incur the costs of a second motion to dismiss.

[Dkt. 21 at 9.] Comcast's point is well taken, and the Court will hold Khait to his choice to withdraw his non-ICFA and unjust enrichment claims. But giving a plaintiff at least one meaningful opportunity to amend is the norm, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), and the Court typically provides leave to amend once after a motion to dismiss has been filed or briefed, *cf. Agnew v. NCAA*, 683 F.3d 328, 347–48 (7th Cir. 2012) (affirming dismissal with prejudice where plaintiff had the benefit of a fully briefed motion to dismiss in a different court prior to a transfer of venue). Because Khait filed his Amended Complaint before Comcast filed its motion to dismiss, he will be given one more opportunity to replead his ICFA and unjust enrichment claims on behalf of the Illinois class, if he can do so consistent with this Order and Rule 11.

## Conclusion

For the foregoing reasons, Comcast's motion to dismiss [Dkt. 20] is granted. Khait may file a second amended complaint by November 1, 2023, which may not revive any claims he previously abandoned.

Enter: 23-cv-1877
Date: 10/11/2023

Lindsay C. Jenkins
United States District Judge